## KRAUSHAAR v. HAUK.

[39 Pac. 539.]

REFORMATION OF DEED — FRAUD — MUTUAL MISTAKE.— A deed will be re-
formed to correct a mistake in the description, caused by the carelessness
of the draughtsman, as against the wife of the grantee, to whom the
grantee transferred the property without a valuable consideration, where
the mistake was mutual at the time it was made, was not the result of
gross negligence of the grantor, and had been discovered by the grantee
before delivery to him.

APPEAL from Washington: THOS. A. MCBRIDE, Judge.

This is a suit to reform two deeds.   The facts are that
the plaintiff Fred Kraushaar and one William E. Bremer
were the owners, as tenants in common, of a tract of land
in Washington County, containing sixty-seven and sixty

hundredths acres, which, by agreement, but without the execution of any partition deeds, they divided, Kraushaar taking the north thirty-four acres, and Bremer the remainder.   Bremer, on October tenth, eighteen hundred and ninety-one, sold and conveyed to Kraushaar sixteen acres adjoining said thirty-four-acre tract, and on the same day executed a conveyance to the defendant Paul Hauk of the remainder of his tract, which deed was, upon the payment of two hundred dollars, placed in escrow, to be delivered upon the payment of the balance of the purchase price, if made within thirty days.   Kraushaar, at the same time, and without any consideration therefor, executed a quitclaim deed to Hauk, intending to convey all his interest in the tract conveyed to Hauk by Bremer, but by mistake the point of beginning was placed eighty-eight links, instead of four chains and eighty-eight links, south of the quarter post on the west side of section seventeen, in township two south, of range one west, thereby conveying eight acres more than was intended, which deed was also placed in escrow to be delivered with the Bremer deed.   The payment of the balance of the purchase price not having been made within the time agreed upon, the said deeds were surrendered to Bremer, but Hauk, having subsequently procured a survey of the premises, and ascertained that the Kraushaar deed conveyed more land than was intended, on December thirty-first, eighteen hundred and ninety-one, paid the balance of the purchase price, accepted the deeds, placed them upon record, and thereafter, for the expressed consideration of one dollar, conveyed said premises by warranty deed to his wife, the defendant Sarah Hauk.   The issues having been settled by the pleadings, the cause was referred to W. N. Barrett, Esq., who took the evidence and reported in favor of the plaintiffs, and the court, having

confirmed said report, rendered a decree reforming said deeds, from which decree the defendants appeal.

                                        AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Adolph Schutz.*

For respondents there was a brief and an oral argument by *Mr. Raphael Citron.*

PER CURIAM.  A careful examination of the evidence discloses that neither the plaintiffs nor the defendants, at the time the Kraushaar deed was executed, understood the description as given therein; that the plaintiffs intended to convey their interest, and the defendant Paul Hauk to acquire the legal title, to the Bremer tract, containing eighteen acres and no more; that the mistake in the description was caused by the carelessness of the person who drew the deed; and that the defendant Paul Hauk, without a valuable consideration, conveyed said premises to his wife, who took the title with knowledge of said mistake and with intent to defraud the plaintiffs. We think it satisfactorily appears that there has been a mutual mistake between the parties, which did not arise from the gross negligence of the plaintiffs; and that the defendant Paul Hauk, after discovering the mistake, sought to take advantage of it by conveying the premises to his wife.  Under the circumstances it would be inequitable to permit her to profit by such mistake, for which reason the decree is affirmed.    .   AFFIRMED.